SHORTER *et al. v.* KING.

(Division A. Dec. 14, 1936.)

[171 So. 26. No. 32334.]

**J. P. & A. K. Edwards,** of Mendenhall, for appellants.

**James B. Sykes,** of Mendenhall, for appellee.

**Cook, J.,** delivered the opinion of the court.

Wyatt Shorter died testate in the year 1926, leaving surviving him his widow and several adult children. Item 3 of his will was as follows:

"Third. That after all my just debts are paid and if my beloved wife, Susan Dorothy Shorter, survive me, then such money, mixed and personal property of whatsoever kind and nature may remain unexpended and part of my estate, shall be held intact by my sons, Jessie, George and Lonnie D. Shorter, for the use of my wife so long as she may live, that the said Jessie, George and

Lonnie D. Shorter, my sons, may in their discretion and best judgment, without having to account to any one, sell, trade, use or dispose of any of such mixed or personal property as mentioned in this item for the purpose of supporting, maintaining or making comfortable my beloved wife, as named above. That in the event either of my sons, Jessie, George or Lonnie D. Shorter, or any two of them should die before I do, then the remaining one or more of them surviving me, shall carry out the provisions of this item without being required to give bond for the faithful performance thereof or required to make any report to any court of any of their actions with reference to this item of my will.''

By item 4 of the will, the real estate belonging to the decedent was devised to his sons, Jessie, George, and L. D. Shorter, with a charge thereon that the income therefrom should be used, if necessary, to supplement the fund created out of the personal property for the support and comfortable maintenance of his widow. The said Jessie, George, and L. D. Shorter were appointed joint executors of the will, without bond, and without necessity of making reports to the court, and with power to sell and dispose of the personal property of the estate for the purpose of carrying out the provisions of the will.

The aforesaid will was established as the last will and testament of the deceased, and the three executors took charge of the estate and handled it for several years. Finally, a controversy arose among them as to the ownership of the personal property, principally cattle, and, in a suit in chancery to which all the heirs of the deceased were parties, it was decreed that the said property belonged to the estate of Wyatt Shorter, deceased. Afterwards one of the executors resigned, and by a proceeding in chancery sought the removal of the others; and a decree was rendered removing the two remaining executors, appellants herein, and appointing Bee King, administrator with the will annexed. There-

after, by order of the court, a part of the personal property was sold, and the sale was ratified and confirmed by the court.

After L. D. and George Shorter had been removed as executors, and the use and control of the personal estate had been vested in the administrator, they filed a petition in said administration proceedings propounding a claim against said estate for reimbursement for sums alleged to have been expended by them out of their private funds in the support and maintenance of their mother, the widow of Wyatt Shorter, deceased.

The administrator filed an answer to this petition, denying that the widow had been supported by the petitioners out of their private funds, and averring that all expenditures made in her behalf by them, except gifts, had been out of the income and profits derived from the estate devised to them under the terms of the will, and from the proceeds of sales of personal property belonging to the said estate. The answer further invoked the doctrine of laches as a defense to the claim, which covered a period of nearly ten years, and was not propounded until after it was adjudicated that the personal property which had been in the possession of the petitioners belonged to the estate of Wyatt Shorter, deceased. The answer also set up the bar of the three-year statute of limitations against all items of the account incurred more than three years prior to the filing of the petition and claim.

Upon the hearing of this petition, the court excluded all evidence tending to establish items of the account alleged to have been incurred more than three years before the filing of the petition and account, and, upon the evidence offering to establish the remaining items of the account, recovery was denied; and, from the decree entered dismissing the petition, this appeal was prosecuted.

Appellants' principal assignments of error are based upon the action of the court in holding that all items of the account which were incurred more than three years prior to the filing of the claim were barred by statute.

We are of the opinion that item 3 of the will of Wyatt Shorter, deceased, created an express trust for the support and maintenance of his widow out of the personal property belonging to the estate; and, so long as the executors were in possession of the trust property and were acting in performance of the trust, they were entitled to use the trust property for that purpose, or for the purpose of reimbursing advances made by them for trust purposes out of their private funds. The right to sell, trade, use, and dispose of the personal property of the estate was intrusted entirely to the discretion and better judgment of the executors, and, until they were removed and divested of the right of possession of the property, no cause of action accrued in their favor for reimbursement of advances made by them in performance of the trust. Consequently, none of the items of the purported claim were barred, and the court erred in excluding the evidence in support of the items of the claim which were incurred more than three years before the petition and account were filed.

We express no opinion upon any other points raised by appellants; but, for the error indicated above, the decree of the court below will be reversed and the cause remanded.

Reversed and remanded.